Angus D. MacLEAN et al., Appellants,

v.

CITIZENS FIDELITY BANK & TRUST CO., Exec., etc., et al., Appellees.

Court of Appeals of Kentucky.

Feb. 21, 1969.

James T. Carey, Louisville, for appellants.

Charles F. Wood, Greenebaum, Barnett, Wood & Doll, S. J. Stallings, Richard Iler, Bullitt, Dawson & Tarrant, Louisville, for appellees.

OSBORNE, Judge.

This is an action for declaration of rights instituted pursuant to the provisions of KRS 418.040. The action was brought by the Citizens Fidelity Bank & Trust Co. of Louisville as executor of the wills of Elizabeth K. MacLean and Donald Hector MacLean. Elizabeth K. MacLean died on November 11, 1961, and her will was probated on December 8, 1961. The residuary clause of Elizabeth K. MacLean's will devised certain property in equal shares to her five children for their respective lives and then made the following provision:

"Each such child as survives me shall have the power by last will and testament to appoint any such property to which he or she acquires a life estate only among any of his or her issue, his or her spouses and my issue."

Donald Hector MacLean, a beneficiary under his mother's will, died testate on March 30, 1962, some two months after the death of his mother and approximately one month after the probate of his mother's will. After making several specific bequests, Donald Hector MacLean devised in equal shares to Donald Bell, John S. F. MacLean, Angus D. MacLean, Paul R. MacLean, Margaret S. (Peggy) MacLean and Odell Bowman the residue of his estate. The will of Donald Hector MacLean did not refer to the power of appointment contained in his mother's will nor did it in any way refer to the property devised under the provisions of his mother's will. Two of the beneficiaries under his will do not fall within the class of persons qualified to receive under the power. They are Margaret S. (Peggy) MacLean and Odell Bowman. The other four listed are members of the class.

The trial court held that Donald Hector MacLean did not properly exercise the power granted under his mother's will and therefore the property in which he received a life estate passed to her heirs as intestate property. We are of the opinion the judgment should be affirmed. Under the common law it is the general rule that if the donee of the power of appointment without expressly referring to the power devises his property in a general residuary clause such a testamentary disposition standing alone is not sufficient to manifest an intention to exercise the donee's power. Annot. 15 A.L.R.3rd 346, 351 (1967). Hankins v. Columbia Trust Co., 142 Ky. 206, 134 S.W. 498. It is contended by appellants that this rule is not effective in this jurisdiction because of the provisions of KRS 394.060, which provides:

"A devise or bequest extends to any real or personal estate over which the testator has a discretionary power of appointment, and to which it would apply if the estate was his own property, and shall operate as an execution of such power, unless a contrary intention appears in the will."

It is true that the statute does modify this common-law rule. However, there are circumstances which will render the statute inapplicable. First, the statute provides that the property must be one over which the testator has a "discretionary power of appointment." We believe this to mean a general power of appointment. In Greenway v. White, 196 Ky. 745, 246 S.W. 137, we stated:

"A special or particular power, as we have seen, is one that is restricted by the donee to certain designated objects (property) or beneficiaries or class of beneficiaries, and the question is not affected in the least by the method provided for the execution of the power."

In the same opinion the court quotes with approval from 31 Cyc. 1040 in the following language:

"By a general power is understood a right to appoint to whomsoever the donee pleases. By a special or particular power is meant that the donee is restricted to objects or beneficiaries designated in the instrument creating the power."

It is insisted by appellants that the word discretionary does not necessarily mean general power and that the statute should apply where the donee of the power has any discretion whatsoever in determining who the beneficiary shall be. We do not believe this can be correct because all powers of necessity entail some discretion. To read the statute as insisted by appellant would be to give no meaning whatsoever to the word discretionary. Therefore, we believe the statute only applies to general powers of appointment and the power given to Donald Hector MacLean by his mother was a special power and therefore not entitled to the presumption created by the statute.

■ There is another reason why the power was not properly exercised and this would be true even though we held the statute to be applicable to the facts here before us. Donald Hector MacLean included two persons in his will as beneficiaries who cannot properly qualify under the provisions of his mother's will. It has been held that where there is a significant discrepancy between the beneficiaries named in the donee's will and the permissible objects of his limited power of appointment that this is a circumstance opposing any statutory presumption in favor of the intention to exercise the power and the devise must fail despite a statutory presumption in its favor. Annot. 16 A.L.R.3d 911, 931 (1967).

In view of the fact that Donald Hector MacLean was donee of a special power of appointment, we are of the opinion the presumption created by KRS 394.060 is not applicable. We are further of the opinion that even if the statute were applicable in this situation the fact that two of the beneficiaries were not persons qualified to take under the power would be sufficient to negate the presumption created by it and the property would still have to pass as intestate property under his mother's will.

■ Appellants further insist that there is a strong presumption against intestacy and that this is especially true where the will contains a residuary clause. For this reason they argue that Donald Hector MacLean's will should be construed as being valid insofar as the four persons who were qualified to receive under the power. We do not so view the matter. His will is valid as to his individual property and there is no intestacy insofar as his property is concerned. The rule insisted upon simply is not applicable when we are dealing with the exercise of a power. Here the sole question is whether or not the power was exercised and the provisions of the donee's will are important only to the extent that they reflect upon this question. Since there was no valid exercise of the power of appointment, application of the usual rules of will construction cannot be applied to the donees will in order to save an intestacy.

The judgment is affirmed.

All concur.